United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2006**

Charles R. Fulbruge III
Clerk

REVISED JUNE 8, 2006

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20519

_____

ELEMENTIS CHROMIUM L.P., ET AL.,

Plaintiffs,

versus

COASTAL STATES PETROLEUM COMPANY, ET AL.,

Defendants,

versus

EL PASO MERCHANT ENERGY-PETROLEUM CO., Successor by merger to
COASTAL STATES CRUDE GATHERING COMPANY, formerly known as
COASTAL REFINING AND MARKETING, INC.,

Third Party Plaintiff —
Appellee-Cross-Appellant,

versus

AMERADA HESS CORPORATION,

Third Party Defendant —
Appellee,

versus

MAGELLAN TERMINALS HOLDINGS L.P.,

Third Party Defendant —
Appellant — Cross-Appellee.

_____

On Appeal from the United States District Court
for the Southern District of Texas

_____

Before JONES, Chief Judge, and KING and DENNIS, Circuit Judges.

EDITH H. JONES, Chief Judge:

All sides appeal the district court's judgment apportioning liability in a CERCLA cleanup case. Magellan Terminals Holdings L.P. ("Magellan") and Amerada Hess Corp. ("Hess") appeal the district court's imposition of joint and several liability upon them. El Paso Merchant Energy-Petroleum Co. ("El Paso") appeals the district court's allocation of liability for future cleanup costs.

Finding that Magellan preserved its objection to joint and several liability, and that liability in contribution actions brought under § 113(f) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, is several only, we VACATE and REMAND for allocation of liability between Magellan and Hess. With respect to the district court's allocation of liability to El Paso, we AFFIRM.

## I. Background

Elementis Chromium L.P. and Elementis Chromium, Inc. (collectively "Elementis") own a manufacturing plant in Corpus Christi that became contaminated with hydrocarbons as a result of operations at one or more nearby properties: (1) a facility owned by El Paso, located to the southwest of the Elementis property; and (2) a facility formerly owned by Hess and purchased by Magellan in 1999; this property is located to the south of the Elementis property.

Elementis sued El Paso for recovery and/or contribution of response costs to clean up the hydrocarbon contamination on its property. Elementis and El Paso ultimately settled their case, but El Paso then brought a third-party action against Hess and Magellan, seeking contribution for response costs at the Elementis site. The case went to a bench trial in the Southern District of Texas, where Magellan and Hess were represented by the same counsel. In its findings of fact, the district court concluded that El Paso was 89.95% responsible for the contamination at the Elementis property, and that Magellan and Hess were 10.05% responsible.

Treating Magellan and Hess as a collective entity for the purposes of allocating responsibility, the district court imposed joint and several liability upon the two companies for their share of the cleanup costs. Magellan timely brought a Motion to Amend Findings and Judgment in an effort to receive a specific allocation of responsibility. The district court declined to decide the issue whether liability under CERCLA § 113(f) was several only, and instead denied the motion on the grounds that Magellan and Hess had waived their argument by not presenting evidence or arguments at trial. Magellan timely appealed both the Amended Final Judgment and the district court's denial of its Motion to Amend Findings and Judgment. El Paso cross-appealed the Amended Final Judgment and the Findings of Fact and Conclusions of Law.

## II. Discussion

### A. Waiver/Judicial Estoppel

Before addressing whether the imposition of joint and several liability is proper for contribution actions brought under CERCLA § 113(f), this court must first determine whether Magellan waived its objection on this issue. This court generally reviews a decision on a motion to alter or amend a judgment for abuse of discretion. Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." Bocanegra v. Vicmar Servs., Inc., 320 F.3d 581, 584 (5th Cir. 2003). To the extent the ruling reconsidered a question of law, however, the standard of review is de novo. Ross, 426 F.3d at 763. Motions to alter or amend judgments "cannot be used to raise arguments which could, and should, have been made before the judgment issued" and "cannot be used to argue a case under a new legal theory." Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).

El Paso contends, and the district court agreed, that Magellan and Hess waived their objections to the imposition of joint and several liability. The alleged waiver took place during a discussion between the district court and counsel for Magellan/Hess over whether Williams Terminals Holdings and its

4

related entities ("Williams") were proper defendants in the CERCLA action:

> THE COURT: Just a minute. Who is the responsible party? I mean, does it vary over time? Is that the problem?
>
> [counsel for Magellan/Hess] MR. WILKINSON: Well, the responsible parties would be Hess for a time period and then the current owner is actually Magellan Terminal Holdings, L.P., are the two parties that really belong in this suit. Of course, they all deny liability —
>
> THE COURT: What's the — if I enter judgment for a percentage of the cleanup costs, will you be able to allocate it among them? Do you represent both —
>
> MR. WILKINSON: I represent both of them. **There's an indemnity agreement — there's a defense and indemnity agreement between Hess and Williams following the sale of the terminal. So Hess is providing a defense and indemnity, Your Honor.**
>
> THE COURT: So what difference does it make?
>
> MR. WILKINSON: We have two other entities that really aren't owners/operators of the terminal. In the understandable ways that lawyers work, you just get all of the entities when you don't understand —
>
> THE COURT: I'll let you-all work that out over the noon hour.

R23:609 (emphasis added).[1] In its later findings of fact, the court imposed joint and several liability on Magellan and Hess, prompting Magellan's motion to alter or amend.

The district court, in its oral decision on the motion, stated that it was

---

[1] Later that day, counsel for Magellan/Hess stipulated that Magellan "is the entity with legal responsibility for what we have referred to as the Hess Terminal since the terminal was sold by Hess in 1999 and that [the Williams companies] . . . are not proper parties, necessary parties." R23:645. The district court then agreed to dismiss Williams from the suit without prejudice.

troubled by the lateness of this motion. I did the best I could to fairly allocate the response costs between El Paso and Hess. Nobody ever mentioned except me what the allocation between Mr. Wilkinson's client[s] should be. And the only response I got was that there's a defense and indemnity agreement. If you all had raised this, Mr. Wilkinson, at trial, we could have stopped, conducted, extended the time for evidence, reviewed the exhibits, asked meaningful questions to some of the witnesses, and I would be in a position to make an informed choice. So, assuming, without deciding that liability under Section 113 is only [several], not joint and several, an issue that the Fifth Circuit has not yet definitively decided, I conclude that Magellan has waived this argument by not presenting evidence or arguments at trial. So, I am going to deny the motion for that reason.

R28:6-7. The existence of an indemnity agreement weighed heavily in the district court's conclusion that Magellan had waived its objection to the imposition of joint and several liability. El Paso thus argues that the district court was "entitled to rely on statements made by counsel in open court," and that the doctrines of either judicial estoppel or waiver bar Magellan's claim. Ergo Sci., Inc. v. Martin, 73 F.3d 595, 600 (5th Cir. 1996).[2]

---

[2]    This court will focus its attention upon whether Magellan can be said to have waived its objection to the implementation of joint and several liability, as the district court viewed Magellan's argument as having been waived. However, to the extent that El Paso raises Ergo Science to argue in favor of the application of judicial estoppel, such an argument must be rejected. In Ergo Science, counsel unequivocally renounced his client's claim to certain funds in a pretrial hearing, and then sought to challenge a ruling of the district court based on that waiver through a post-trial motion. Because the district court accepted counsel's original position, counsel was estopped from asserting a clearly inconsistent position at a later time. Ergo Science, 73 F.3d at 598. In the instant case, Magellan's alleged renunciation is far from unequivocal, and the company never took the contrary position that joint and several liability was appropriate. See Ahrens v. Perot Sys. Corp., 205 F.3d 831, 833 (5th Cir. 2000). Thus, Magellan cannot be judicially estopped from asserting its objection here.

However, it is well established that a "party has presented an issue in the trial court if that party has raised it in either the pleadings or the pretrial order, or if the parties have tried the issue by consent." Burch v. Coca-Cola Co., 119 F.3d 305, 319 (5th Cir. 1997)(quoting Portis v. First Nat'l Bank, 34 F.3d 325, 331 (5th Cir. 1994)). In the instant case, there is no dispute that Magellan included its objection to the imposition of joint and several liability in the pretrial order; indeed, the district court acknowledged as much in its ruling on Magellan's motion to amend the judgment. An issue included in the pretrial order may be waived where a litigant makes a "specific concession" as to that issue at a later date. See Indus. Magromer Cueros y Pieles S.A. v. La. Bayou Furs, Inc., 293 F.3d 912, 919 (5th Cir. 2002). Here, however, the exchange between Magellan/Hess's counsel and the district court is at best ambiguous and appears to be an example of two parties talking past each other, not a specific concession by counsel on the issue of joint and several liability. Magellan should not be deprived of its right to argue an issue properly included in the pretrial order on the basis of a single passing reference to an indemnity agreement.

Nor will this court deem Magellan's objections waived due to its failure to present evidence. The district court expressed frustration with the fact that Magellan did not prominently argue the issue of joint and several liability at trial, but the company's failure to do so is understandable, given that its

7

position at trial was that it was not liable for <u>any</u> of the contamination at the Elementis site.[3] It is El Paso, as the party bringing an action for contribution, that bore "the burden of proving the defendant is a responsible party under § 107(a) of CERCLA and also the burden of proving the defendant's equitable share of costs." <u>Centerior Serv. Co. v. Acme Scrap Iron & Metal Corp.</u>, 153 F.3d 344, 348 (6th Cir. 1998); <u>see also</u> <u>Minyard Enters., Inc. v. Se. Chem. & Solv. Co.</u>, 184 F.3d 373, 385 (4th Cir. 1999)(same). El Paso argues that it does not have to prove liability as to individual defendants in a CERCLA contribution action, but it cites no case law in support of this proposition. This court therefore declines to relieve El Paso of its burden of proof.[4] Magellan cannot be faulted for inadequate presentation of evidence as to the proper allocation of costs when it never bore the burden of proof in the first place. As such, we find that the district court abused its discretion in its determination that Magellan waived its objections to the imposition of joint and several liability against it, and we proceed to the merits of Magellan's and Hess's claim.

B. **Joint and Several Liability**

---

[3] Because El Paso offered no evidence against Magellan, Magellan requested as a finding of fact that "[t]he [Hess] terminal did not handle benzene at any time it was owned by [Magellan]." R7:1260.

[4] It should be noted that such burden shifting would be contrary to our holding, <u>infra</u>, that liability under CERCLA § 113(f) is several only.

The standard of review "for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo." In re Mid-South Towing Co., 418 F.3d 526, 531 (5th Cir. 2005). The district court's imposition of joint and several liability is a matter of law, which we review de novo.

With respect to contribution actions, CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that "any person may seek contribution from any other person who is liable or potentially liable under [CERCLA] § 107(a). . . . In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." Section § 113(f) is thus intended to provide a liable party under CERCLA with a cause of action to "mitigate the harsh effects of joint and several liability" imposed under § 107(a). OHM Remediation Servs. v. Evans Cooperage Co., 116 F.3d 1574, 1582 (5th Cir. 1997).

The two parties disagree over whether liability is joint and several, or several only, in § 113(f) contribution actions. Although this issue is one of first impression in this circuit, the overwhelming majority of our sister circuits have concluded that liability is merely several under § 113(f). See, e.g., United States v. Davis, 261 F.3d 1, 29 (1st Cir. 2001); Kalamazoo River Study Group v. Menasha Corp., 228 F.3d 648, 653 (6th Cir. 2000); Minyard, 184 F.3d at 385; Pinal Creek Group v. Newmont Mining

9

Corp., 118 F.3d 1298, 1301 (9th Cir. 1997); Sun Co., Inc. v. Browning-Ferris, Inc., 124 F.3d 1187, 1193 (10th Cir. 1997); Redwing Carriers, Inc. v. Saraland Apartments, 94 F.3d 1489, 1514 (11th Cir. 1996). As the Ninth Circuit noted in Pinal Creek, a "contrary [i.e., joint and several] approach is not supported by CERCLA's text, is inconsistent with the traditional doctrine of contribution, and runs the risk of creating procedural chaos." Pinal Creek, 118 F.3d at 1303.[5]

We agree: "[W]hen one liable party sues another liable party under CERCLA, the action is not a cost recovery action under § 107(a)," and the imposition of joint and several liability is inappropriate. Redwing Carriers, 94 F.3d at 1513. The plain language of § 113(f)(1) directs the courts to "allocate response costs among liable parties" in an equitable manner, 42 U.S.C. § 9613(f)(1), and it is clear that under the principle of contribution, a liable party is entitled to recover only "proportional shares of judgment from other tort-feasors whose negligence contributed to the injury and who were also liable to

---

[5]    The imposition of joint and several liability in the instant case would also be inconsistent with the earlier decisions of the district court. On October 15, 2003, the district court granted El Paso's motions for partial summary judgment as to Hess's and Williams's claims under § 107(a). R6:1217. In arguing that Hess and Williams, as potentially responsible persons under CERCLA, could not maintain § 107(a) actions against it, El Paso stated the proper claim against it was under § 113(f), and that it could not be held "jointly and severally liable as a matter of law." R6:1014. The district court accepted this argument and granted El Paso's motions for partial summary judgment. Moreover, all parties were in agreement on liability under § 113(f), as Hess and Williams concurred in El Paso's analysis of CERCLA, noting that the same reasoning was applicable to El Paso's claims against them. R6:1045, 1060.

10

the plaintiff." OHM, 116 F.3d at 1582. Finally, to allow for the imposition of joint and several liability in contribution actions under CERCLA is to invite "inefficiency, potential duplication, and prolongation of the litigation process." Pinal Creek, 118 F.3d at 1303.[6] As liability is several only in CERCLA contribution actions, the district court erred in imposing joint and several liability upon Hess and Magellan. Therefore, the judgment of the district court must be vacated and remanded to determine the proper division of liability between Magellan and Hess.[7]

## C. Allocation of Liability

Finally, El Paso argues that the district court erred in allocating only 10.05% of future response costs to Hess and Magellan. We review the district court's findings of fact only for clear error. A finding of fact is not clearly erroneous "if it is plausible in the light of the record read as a whole." Baker

---

[6] El Paso relies upon Browning-Ferris Industries of Illinois, Inc. v. Ter Maat, 195 F.3d 953 (7th Cir. 1999) for the proposition that the imposition of joint and several liability is within the equitable powers of the district court under § 113(f). The actual holding in Ter Maat was, inter alia, that a district court erred in believing that it was "constrained to allocate liability equally among joint polluters." Ter Maat 195 F.3d at 957. To the extent that Ter Maat also suggested that § 113(f) did not contain a bright line prohibition against the imposition of joint liability, such a position is at odds with the overwhelming majority of circuit courts that have addressed the issue of liability under § 113(f). Moreover, none of the hypothetical concerns over several liability raised in Ter Maat (e.g., one responsible party is insolvent, rendering the others responsible for a larger share of cleanup costs than is equitable) is present in the instant case. See id.

[7] The district court has an adequate factual basis in the record to properly allocate responsibility between Magellan and Hess. For example, it may allocate responsibility based upon years of ownership. Alternatively, it may simply conclude, based upon evidence in the record that the hydrocarbon contamination of the Elementis property took place in the 1970s and 80s, decades prior to Magellan's purchase of the Hess property in 1999, that Hess should be held responsible for all 10.05% of the remaining CERCLA liability.

11

Hughes Oilfield Operations, Inc. v. Cage (In re Ramba), 416 F.3d 394, 402 (5th Cir. 2005). As Magellan and Hess correctly argue, there is a great deal of evidence on the record regarding the age and type of contamination found on the Elementis property that directly implicates El Paso. We find no evidence sufficient to produce "the definite and firm conviction that a mistake has been committed" by the district court, and as such, the court did not clearly err in its allocation of response costs to El Paso. United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948).

### III. Conclusion

Magellan did not waive its objection to the imposition of joint and several liability against it; we REVERSE the district court's holding to the contrary. Because liability under CERCLA § 113(f) is several only, the decision of the district court is VACATED and REMANDED. As we AFFIRM the district court's allocation of future response costs to El Paso, on remand, the district court need only determine the proper allocation of Magellan and Hess's 10.05% share of response costs.

**REVERSED, VACATED and REMANDED IN PART; and AFFIRMED IN PART.**

12