# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 11, 2010

No. 08-50795
Summary Calendar

Charles R. Fulbruge III
Clerk

MARK D. MCGILLIVRAY,

Plaintiff-Appellant

v.

COUNTRYWIDE HOME LOANS, INC.; OCWEN FEDERAL BANK FSB;
OCWEN LOAN SERVICING LLC and GREGORY T. PRATT,

Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COUNTRYWIDE HOME LOANS, INC.,

Plaintiff-Appellee

v.

MARK D. MCGILLIVRAY, and/or All Occupants,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 1:05-CV-414, 1:06-CV-331

1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant Mark D. McGillivray appeals the district court's order granting summary judgment in favor of Appellee Countrywide Home Loans, Inc., and its order dismissing his claim against Appellee Gregory T. Pratt for lack of prosecution. For the following reasons, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a home foreclosure sale conducted by order of the 201st Judicial District Court of Travis County, Texas. After McGillivray defaulted on his mortgage, Countrywide initiated foreclosure proceedings in state court and appointed a substitute trustee. Pratt served as Countrywide's attorney in the foreclosure action. The state court granted summary judgment to Countrywide and ordered that the property be sold at a public auction. Upon the signing of the order, McGillivray was divested of all rights and interest in the property. Countrywide subsequently purchased the property at the foreclosure sale from the substitute trustee and began transferring its interest to the Department of Veterans Affairs (VA). Ocwen Loan Servicing, L.L.C., the loan servicer for the VA, sent a letter by certified mail to McGillivray requesting that all occupants vacate the premises within three days. McGillivray failed to comply with this request. As a result of the ongoing litigation, the VA transferred its interest back to Countrywide in June of 2006.

After Countrywide filed a petition for forcible detainer, McGillivray removed the case to the United States District Court for the Western District of Texas. The district court consolidated Countrywide's suit with McGillivray's suit against Countrywide, which also named Pratt as a defendant. Pursuant to 28

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

U.S.C. § 636(b)(1)(B), the district court referred Countrywide's motion for summary judgment to a magistrate judge. After conducting a de novo review, the district court accepted the magistrate judge's report and recommendation and granted summary judgment in favor of Countrywide and ordered that McGillivray take nothing on his claims against Countrywide. The district court also dismissed McGillivray's suit against Pratt for lack of prosecution due to McGillivray's continuing failure to comply with the district court's scheduling order. Finally, the district court denied McGillivray's motion to set aside or modify the judgment.[1]

## II. ANALYSIS

We review a grant of summary judgment de novo, applying the same standards as the district court. *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 190 (5th Cir. 2001). We review the district court's factual findings for clear error and review its legal conclusions de novo. *Garcia v. LumaCorp, Inc.*, 429 F.3d 549, 553 (5th Cir. 2005). We review a district court's decision to impose sanctions for discovery violations for abuse of discretion. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 n.2 (5th Cir. 2007). We review a denial of a Rule 59(e) motion for abuse of discretion. *Coliseum Square Ass'n, Inc. v. Jackson*, 465 F.3d 215, 247 (5th Cir. 2006).

## A. Countrywide's Petition for Forcible Detainer

McGillivray argues that Countrywide had no standing to pursue an action for forcible detainer because it failed to produce the original lien note and deed of trust. McGillivray maintains that, by neglecting to produce the note and deed, Countrywide has failed to meet the requirement that "[a]n action must be

---

[1] McGillivray moved in the alternative for a new trial under Federal Rule of Civil Procedure 59(a). As the district court noted, however, Rule 59(a) presupposes that a trial has occurred. In this case, no trial has occurred. For simplicity's sake, we treat McGillivray's motion as one under Rule 59(e) to alter or amend judgment. *See Piazza's Seafood World, LLC v. Odom,* 448 F.3d 744, 748 n.9 (5th Cir. 2006).

prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17 (a)(1). A forcible detainer action is a "special proceeding governed by particular statutes. It was created to provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App. – Dallas 2001, no pet.) (citation omitted). The relevant part of the Texas Property Code provides:

> (a) A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person
>
> (2) . . . is a tenant at will or by sufferance . . . .
>
> (b) The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005.

Tex. Prop. Code Ann. § 24.002. The notice requirements depend on the occupant's status on the property. If the occupant is a tenant by sufferance, Texas law requires that the landlord "give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit . . . ." *Id*. §24.005(b). The notice may be delivered in person or sent "by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question." *Id*. §24.005(f). "The only issue in a forcible detainer action is the right to actual possession of the premises." *Marshall v. Housing Authority of City of San Antonio,* 198 S.W.3d 782, 785 (Tex. 2006) (citations omitted). Consequently, "[t]o prevail in a forcible detainer action, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App. – Houston [1st Dist.] 2004, pet. denied) (citation omitted).

In an effort to show that Countrywide should have produced the original note, McGillivray cites cases setting forth the requirements for collecting on a promissory note. These authorities are irrelevant as the instant case is not an

action to collect on a promissory note.[2]   In an action for forcible detainer, Countrywide need only show sufficient evidence of ownership  to demonstrate a superior right to immediate possession of the premises.  *See U.S. Bank Nat. Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex. App. – Dallas 2008, no pet.) (citation omitted); *see also Villalon*, 176 S.W.3d at 70 (citation omitted).  The district court held that the evidence presented at summary judgment demonstrated that Countrywide had  possession, ownership, and control of the note and deed of trust and was therefore the "real party in interest." *See* Fed. R. Civ. P. 17(a)(1). We find no error in this holding.  The substitute trustee's deed conveying the property to Countrywide provides sufficient evidence of ownership and a "basis for determining the right to immediate possession." *Freeney*, 266 S.W.3d at 625-26 (citation omitted).  McGillivray has failed to demonstrate that the district court erred in holding that Countrywide had standing to pursue an action for forcible detainer.

**B. Dismissal of McGillivray's Suit against Pratt**

McGillivray also argues that the district court abused its discretion by dismissing his complaint against Pratt for lack of prosecution.  A district court has broad discretion in formulating sanctions for a violation of its scheduling or pretrial orders.  *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (citation omitted).  Under Federal Rule of Civil Procedure 16(f), a district court may, sua sponte, issue sanctions, including those authorized under Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii), if a party fails to comply with a scheduling order.  One of the sanctions available to a district court is "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(2)(A)(v).

---

[2] McGillivray also argues–without any supporting authority–that Countrywide must name all parties with a possessory interest in the contested property.  Texas law imposes no such requirement on plaintiffs in forcible-detainer actions. *See* Tex. Prop. Code. §§ 24.002, 24.005.

The district court's dismissal of the suit against Pratt was not an abuse of discretion. The court's scheduling order required the parties to serve their designation of potential witnesses, testifying experts, and proposed exhibits on or before August 23, 2007. The parties were also bound by Local Rule CV-16(e), which required the disclosure of certain information at least ten days before the final pretrial conference. McGillivray not only failed to make the required disclosures in a timely manner, but also failed to remedy his noncompliance after the court had admonished him. The district court determined that it would be manifestly unjust to require Pratt to proceed to trial given McGillivray's ongoing refusal to comply with the local rules and the court's orders. The district court's dismissal of McGillivray's suit against Pratt as a sanction for this misconduct was not an abuse of discretion.

## C. McGillivray's Rule 59(e) Motion

We now turn to the district court's denial of McGillivray's Rule 59(e) motion. A district court may grant relief under Rule 59(e)(1) if an intervening change in controlling law occurs; if new evidence becomes available; or to correct a clear error or law or prevent manifest injustice. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before judgment issued." *Elements Chromium L.P. v. Coastal States Petroleum Co.*, 450 F.3d 607, 610 (5th Cir. 2006) (citation omitted). A district court has "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995) (citations omitted).

McGillivray asserts that he requires more time to "investigate, assemble evidence and present the same to the court" to demonstrate that the underlying collection action by Countrywide was a fraud on the court. McGillivray does not point to any change in controlling law or to any newly discovered evidence. McGillivray has likewise failed to show that the motion was necessary to prevent

6

manifest injustice.  Therefore, the district court did not abuse its discretion by denying the motion to alter or amend the  judgment.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.