**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 10, 2011

No. 09-40245

Lyle W. Cayce
Clerk

JAMES RAY SAMPSON

Plaintiff - Appellant

v.

MICHAEL GILES, Correctional Officer, Michael Unit,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
U.S.D.C. No. 6:05-CV-378-1

Before JONES, Chief Judge, and DENNIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

James Ray Sampson, Texas prisoner #628537, appeals the dismissal of his civil rights case which he had brought against prison officials pursuant to 42 U.S.C. § 1983. The district court dismissed his case with prejudice for failure to prosecute after Sampson failed to appear in court on the scheduled date for a jury trial. *See* FED. R. CIV. P. 41(b). Finding no abuse of discretion, we affirm.

Sampson filed suit against prison officials pursuant to 42 U.S.C. § 1983, alleging various claims including excessive use of force. The case was set for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40245

trial on January 27, 2009. Around 8:00 a.m. that morning, the court received a call from prison personnel indicating that Sampson could not be transported to court because he refused to accept prison issued toiletries and to submit to a strip search. When trial was later called around 9:20 a.m., the court held a conference call with officers from Sampson's prison and received detailed, sworn testimony from Captain Gilbert Lee Ennis ("Ennis") regarding Sampson's absence. The court then asked to speak to Sampson. After he was brought to the conference call, Sampson explained that he was not in court because the officers had refused to return to him his toiletries, which had been collected from him two days earlier. Sampson denied that he was ever offered state issued toiletries by prison officials. Sampson admitted, however, that the reason for his initial refusal to be transported to court was his inability to obtain his own toiletry items. The district court concluded the conference call by indicating that Sampson's case was dismissed with prejudice.

The court later received a videotape of some of these events at the prison, which it reviewed and described in its order of dismissal. The court indicated that it had set aside time on its busy docket for Sampson's trial and that the defendant, defense counsel, witnesses, and an 18-member jury panel had timely appeared for his trial. The court found that the testimony of Sampson and Ennis indicated that the primary reason for Sampson's refusal to go to court revolved around a toothbrush and hairbrush, and the court concluded that such a reason was an insufficient basis for refusing to proceed with a federal civil jury trial. It reasoned that a lesser sanction of fines and costs was not appropriate given that Sampson was proceeding *in forma pauperis* (IFP) and the nature and status of his case. After considering all relevant factors and potential lesser sanctions, the court dismissed Sampson's case with prejudice. Sampson appealed.

Sampson contends that the district court erred in receiving Ennis' testimony without permitting Sampson first to cross-examine him. Since the

2

court permitted Sampson to give his version of events, itself solicited a response from Ennis about the conflict between Sampson's and Ennis's testimony, and thereafter allowed Sampson the opportunity to make any final statement he wished before ruling on the defendant's motion to dismiss, neither the court's fact-finding procedure nor its findings are clearly erroneous. *See Elementis Chromium L.P. v. Coastal States Petroleum Co.*, 450 F.3d 607, 612 (5th Cir. 2006) (court's findings of fact are reviewed for clear error).

Second, Sampson claims the district court abused its discretion in dismissing his case with prejudice. Dismissals with prejudice for failure to prosecute are proper only if the "case discloses both a clear record of delay or contumacious conduct by the plaintiff, and that a lesser sanction would not better serve the best interests of justice." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1998). In most cases in which this court has affirmed dismissals with prejudice, at least one of three aggravating factors was also present: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

In this case, even though the record does not demonstrate repeated delaying tactics, it supports the finding that Sampson engaged in contumacious conduct, which this court has defined as "stubborn resistance to authority." *Stearman v. Comm'r of Internal Revenue*, 436 F.3d 533, 537 (5th Cir. 2006). Sampson initially refused to board the transport vehicle, stating multiple times that he was not going to court. When he finally agreed to board later that morning, he refused fully to comply with the requirements of the strip search. Moreover, Sampson's complaint about the absence of his hygiene products is insufficient to justify failure to appear for trial. The district court blocked off an entire day to hear his claims, while the defendant, witnesses, representatives of the Texas Attorney General, and a jury panel were all present in the courthouse

No. 09-40245

waiting for Sampson to appear. His failure to do so represents an "obstinate disrespect for the judicial process." *McNeal*, 842 F.2d at 792.

The record similarly supports the finding that a lesser sanction would not better serve the interests of justice, as the court explicitly contemplated the imposition of fines and costs, but found they were inappropriate given Sampson's IFP status. *Bailey v. N.E. Indep. Sch. Dist.*, 1993 WL 481432, at *1 (5th Cir. Nov. 1, 1993).[1] Imposing a term of jail time would also have been ineffective since Sampson was already in prison. *Id.* Consequently, the district court did not abuse its discretion in finding that lesser sanctions would not better serve the ends of justice.

Finally, at least two aggravating factors are present in this case. *Berry*, 975 F.2d at 1191. Sampson was proceeding pro se and caused the delay by his own actions, not by mistake or negligence. For these reasons, the judgment dismissing Sampson's case is **AFFIRMED**.

---

[1] Although *Bailey* is an unpublished opinion, it constitutes precedent because it was issued before 1996. *See* 5TH CIR. R. 47.5.3.

4